Ruitin, Chief-Justice
 

 After stating the record of the attachment against
 
 Williams,
 
 and the facts as above mentioned, proceeded as follows: — Deeming this, for the present, an appropriate remedy, for the applicant, we are far from thinking he has entitled himself to it. It is intended to supply the place of an appeal, of which the party has been deprived, or which he has lost by accident; and is an extraordinary remedy, accessible only to one who lias been injuriously denied the ordinary one of appeal, or who has merits, and lias been diligent, as far as he could be, in applying for this. The case upon the merits is abandoned from necessity; for upon looking into the garnishment, it is clear the party owed the debt condemned in his hands, and that it was the subject of condemnation. But if it were otherwise, no sufficient reason is given for not praying an appeal, nor excuse for delay in making this application. The suggestions of Counsel as to tiic future disposition of the case wer® altogether inadequate to authorise the total inattention to its progress. We should think therefore upon these grounds, that the
 
 certiorari
 
 ought to bo dismissed. But as the decision was not made upon them, it is proper the court should
 
 further consider the
 
 other points.
 

 We understand his Honor to annul and reverse tho judgment °f the County Court, as erroneous, or to de-clarcit null and void in itself. We arc
 
 not
 
 aware of any Power‘ *n one court to supersede the judgment of anoth-by direct order, as being merely void. The court whose judgment it is, may expunge it, or when acted on, another court may pronounce it inefficacious t° authorise the acts professed to be done under it. The proceedings of inferior magistrates, not according to the course of the common Jaw, may bo reviewed and Quashed by a court of general superintending jurisdic-
 
 *604
 
 diction. But not so of those of a court of record, proceeding according to the common law and having jurisdiction. They may be reviewed and reversed, but not quashed or directly superseded as nullities upon having the record brought up.
 
 Whitly v. Black,
 
 (2
 
 Hawks 179).
 
 Regarding this writ however,as bringing up the record and judgment to be reviewed in the matter of law, it is our opinion, that it cannot be sustained. It might be questioned whether any or all of the alleged defects would entitle the plaintiff to reverse the judgment. That which he relies on, as being the specific error in the judgment a* gainst himself, we think is not an error. The statute authorizes and directs tiie garnishee to be summoned twice before a judgment shall be entered against him, for want of appearance; but if he appear and answer upon the first subpoena, the second is unnecessary and not required. "Whether the garnishee can allege errors in the process or judgment against the defendant in attachment, or whether these are such as he can assign; or whether they be errors for which the judgment should be reversed on a writ of error, might all admit of debate. But the court does not deem it necessary to express an opinion on them; because admitting the affirmative thro-out, it seems clear to us, that a
 
 certiorari
 
 is not the proper mode of taking advantage of them, but only a writ of error; which it has been held, lies for a garnishee.
 
 Haughton
 
 v.
 
 Cox,
 
 (
 
 Conf. Rep.
 
 157).
 

 The writ of
 
 certiorari
 
 has been used here as a writ of false judgment, or in aid of that writ. It has also been used as a substitute for appeals allowed by our law for a second trial of facts. Its most frequent and important application in this State has its foundation in the right of appeal for that purpose. But it never has been allowed as a substitute for a writ of error, and where one would lie, to bring under review mere matter of law apparent on the record of the County Court. It never can be allowed for that purpose; because there is no necessity for it, since a writ of error operates, under our statute, after security is given, as a supersedeas, and relieves
 
 *605
 
 the plaintiff in error, until a judgment of affirmance— That writ can be sued at the parties’ pleasure, until the expiration of the period by which it is limited, and when the law does not suffer errors to be regarded, even if they exist. During that period, the party must be confined to the remedy by writ of error, because it is complete and could not be more so upon
 
 certiorari.
 
 After that time has elapsed, certainly the writ of certiorari, which is extraordinary and merely discretionary, cannot be granted; for that would be an evasion'of the law limiting writs of error and giving a substitute for a remedy which is itself barred. Upon each principle, the judgment must be reversed and this writ dismissed. Here no issue of fact was joined between the plaintiff and the garnishee; but the judgment was on the confessions in the garnishment itself. If erroneous, the garnishee might have appealed at the time or sued his writ of error within five years as his next best and common law remedy. That being adequate, a
 
 certiorari
 
 could not be useful or granted to him.
 
 It
 
 was not a fit case for that writ; but if it were, he could not have it after five years,by which all errors are cured and the judgment irreversible in any way. Here, there w-ere eight years from the judgment against the garnishee, and about seven from the final one against him and the defendant, before this writ was sued out.
 

 The judgment of the Superior Court must
 
 therefore he
 
 reversed, and the
 
 certiorari
 
 dismissed, and judgment rendered under the statute against the plaintiff in the
 
 certiorari
 
 and his sureties, for the amount of the recovery in the County Court, and the costs there, and also, for the costs in the Superior Court and in this Court.
 

 Per Curiam. — Judgment reversed'.